UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22459-JLK

RONY VASQUEZ,

    Plaintiff,

v.

MC MIAMI ENTERPRISES, LLC
D/B/A MR. CHOW RESTAURANT,
A Foreign Profit Corporation,
MICHAEL CHOW, individually,

    Defendants.
_____/

**MC MIAMI ENTERPRISES, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendant, MC Miami Enterprises, LLC d/b/a Mr Chow of Miami ("MC Miami"),[1] by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss the First Amended Complaint filed by Plaintiff, Rony Vasquez ("Plaintiff"), for failure to state a claim upon which relief can be granted. In support thereof, Defendant states the following.

**PRELIMINARY STATEMENT**

Plaintiff's First Amended Complaint is a textbook example of pleading flaws Rules 8 and 12(b)(6) were designed to prevent. It consists almost entirely of conclusory allegations which lack any factual support. Equally disconcerting, despite having the benefit of Defendant's initial

---

[1] The corporate defendant, MC Miami, is improperly named in the First Amended Complaint as "MC Miami Enterprises, LLC d/b/a Mr. Chow Restaurant." Furthermore, as of the filing of this Motion to Dismiss, the individually named defendant, Michael Chow, still has not been served with process and therefore, is not a party to the action. *See Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV-COHN/SELTZER, 2009 U.S. Dist. LEXIS 6356, at *9-10 (S.D. Fla. Jan. 19, 2009).

Motion to Dismiss (ECF No. 3) in which Defendant provided a roadmap for Plaintiff, Plaintiff did not cure any of the pleading deficiencies in his First Amended Complaint. In fact, the First Amended Complaint is essentially a carbon copy of Plaintiff's Complaint.[2]

With respect to Plaintiff's national origin discrimination claim (Count I), he proffers nothing but legal conclusions and does not provide a single factual allegation to raise a plausible claim that any act was committed against him because of his national origin. Notably, Plaintiff does not even allege that the terms and conditions of his employment were adversely impacted because of discriminatory animus based on his national origin.

Instead, in the First Amended Complaint, Plaintiff proffers a few stray remarks allegedly made by co-workers. Significantly, Plaintiff attributes these alleged comments to individuals who were neither management nor decisionmakers. The handful of fabricated statements Plaintiff claims were made by management employees or the "supervisor's assistant's [*sic*]" had nothing to do with Plaintiff's national origin nor do they reflect discriminatory animus.

Moreover, the First Amended Complaint is devoid of allegations concerning even one similarly situated person outside Plaintiff's protected category who was treated more favorably. In a transparent attempt to defeat a motion to dismiss, Plaintiff added the single conclusory allegation to his First Amended Complaint that "[o]ther similarly situated non-Guatemalan employees were not subject to the same derogatory treatment like Plaintiff." *See* Plaintiff's First Amended Complaint at ECF No. 5 ("Am. Compl.") ¶ 24. This allegation, however, is entirely conclusory and should be disregarded. *See Vila v. Miami-Dade Cty.*, 65 F. Supp. 3d 1371, 1378 (S.D. Fla. 2014) ("The Supreme Court has directed that district courts faced with such conclusory

---

[2] The only changes Plaintiff made from the initial Complaint to the First Amended Complaint are the addition of four paragraphs (24, 26, 27, and 28). *See* ECF No. 5 at 4. None, however, are sufficient to state a claim for relief.

allegations should disregard them, and then determin[e] whether the remaining well-pleaded factual allegations, accepted as true, plausibly give rise to an entitlement to relief. . . .") (citation omitted).

Finally, in the amended pleading, Plaintiff does not, because he cannot, connect the cessation of his employment to his national origin (the reason being is that Plaintiff voluntarily walked off the job). These deficiencies are fatal to Plaintiff's discrimination claim.

In Count II of the First Amended Complaint, Plaintiff alleges a violation of the Fair Labor Standards Act ("FLSA"). Plaintiff's First Amended Complaint, however, is so boilerplate that Defendant is not on notice of what exactly Plaintiff is attempting to recover (unpaid minimum wages or overtime compensation). Am. Compl. ¶ 41 ("This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage **and/or** overtime compensation . . . .") (emphasis added).

In an apparent attempt to defeat a motion to dismiss, Plaintiff claims for the first time within his "General Allegations" (but not within any count of the First Amended Complaint) that he was "performing side work and other tasks which did not generate tips," yet Defendant did not "pay Plaintiff at or above the full minimum wage for these non-tipped hours worked." *Id.* ¶ 27. Plaintiff then relies on a legal theory (the 20% rule) which has been flatly rejected by the U.S. Department of Labor and some courts. *See id.*

Even assuming, *arguendo*, Plaintiff is entitled to additional compensation for "performing side work," or that he did not receive his final paycheck, Plaintiff fails to proffer even basic information such as: (1) the hours Plaintiff worked for which he was allegedly not paid; (2) what Plaintiff was earning; (3) the time period for which Plaintiff is owed wages; or (4) the amount

allegedly owed. Accordingly, Count II of the First Amended Complaint should be dismissed for failure to state a claim.

## ARGUMENT AND CITATION OF AUTHORITY

I. **STANDARD ON A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As interpreted by the U.S. Supreme Court, a complaint's "**[f]actual allegations** must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). Indeed, a well-pleaded complaint requires "more than labels and conclusions," and must meet the following threshold requirements to survive a motion to dismiss: (1) a pleader must bridge the gap between the conclusory and the factual; and (2) a pleader must allege suggestive facts that exceed factual neutrality. *Twombly*, 550 U.S. at 557 n.5.

To successfully "nudge[] claims across the line from conceivable to plausible," a complaint must contain facts "plausibly suggesting (not merely consistent with)" violations of the asserted causes of action. *Id.* at 570. When a complaint does not, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the Court." *Id.* at 558; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (finding that Rule 8 mandates a plaintiff's claims have "facial plausibility").

Under *Iqbal,* "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. **Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement**." *Id.* at 678 (internal citations omitted) (emphasis added). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.* As set forth below, Plaintiff fails to satisfy this pleading

standard as to both of his claims against MC Miami. Therefore, Counts I and II of Plaintiff's First Amended Complaint should be dismissed with prejudice.

## II. PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM OF NATIONAL ORIGIN DISCRIMINATION

In Count I of the First Amended Complaint, Plaintiff alleges that he was discriminated against because of his national origin in violation of the Florida Civil Rights Act ("FCRA"). However, Plaintiff proffers nothing but legal conclusions and does not provide a single factual allegation to raise a plausible claim that any act was committed against him because of his national origin.

In order to plead a *prima facie* case of national origin discrimination, Plaintiff must assert the following: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees who are not members of his class more favorably; and (4) he was qualified for the job or job benefit at issue. *Henderson v. Dade Cty. Police Benevolent Ass'n*, No. 14-20321-CIV-MOORE, 2014 U.S. Dist. LEXIS 98159, at *17-18 (S.D. Fla. July 18, 2014). Here, Plaintiff fails to satisfy his burden of pleading even these basic elements.

In fact, Plaintiff does not assert facts concerning: (1) the reason(s), or even when, his employment ended; (2) which similarly situated individuals outside his protected class were treated more favorably; and (3) whether the terms and conditions of his employment were adversely impacted because of discriminatory animus based on his national origin. These deficiencies are fatal to his claim. *See Gerbier v. J.R. Eight, Inc.*, No. 11-21040-JLK, 2011 U.S. Dist. LEXIS 159758, at *8 (S.D. Fla. Aug. 12, 2011) (**King, J.**) (granting defendant's motion to dismiss plaintiff's discrimination claim for failing to adequately allege the elements of a hostile work environment discrimination claim); *see also Oceguera v. Alutiiq Sec. & Tech.*, LLC, No. 10-

5

22220-CIV, 2010 U.S. Dist. LEXIS 104783, at *6-8 (S.D. Fla. Oct. 1, 2010) (**King, J.**) (granting a motion to dismiss plaintiff's discrimination claim for failure to allege all of the elements of his *prima facie* case).

In an attempt to withstand a motion to dismiss, Plaintiff declares in a conclusory fashion that "[o]ther similarly situated, non-Guatemalan employees were not subject to the same derogatory treatment like Plaintiff." Am. Compl. ¶ 24. Notably, Plaintiff does not specifically identify a single similarly situated individual outside his protected class who was allegedly treated more favorably, nor does he allege how the individual(s) were treated more favorably. These failings militate the granting of this motion to dismiss. *See Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010) (affirming an order granting a motion to dismiss under Section 1981 and Title VII where plaintiff "provide[d] no facts that would allow a court to infer that the school district treated those outside the class of African- American males more favorably").[3]

In *Cid v. City of Miramar*, a district court judge in the Southern District of Florida granted a motion to dismiss a plaintiff's discrimination claim after finding that:

> To make a comparison of a plaintiff's treatment to that of an employee outside the protected class, the plaintiff must show that she and the other employee are similarly situated in all relevant respects. In determining whether employees are, in fact, similarly situated, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.

---

[3]  *See also Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (affirming the dismissal of plaintiff's discrimination claim because plaintiff "never once supplements these allegations of disparate treatment with any factual detail, such as even a brief description of how the alleged comparator employees were outside of her protected class"); *Ashmore v. FAA*, No. 11-CV-60272, 2011 U.S. Dist. LEXIS 103623, at *10-11 (S.D. Fla. Sep. 2, 2011) (granting motion to dismiss where plaintiff failed to allege facts showing that anyone similarly situated was treated more favorably).

> [Plaintiff] has failed to sufficiently plead these allegations. Assuming arguendo that Julie Richards is the individual to whom [Plaintiff] intends to compare herself in asserting this claim, she has not alleged how the two are similarly situated in any respect whatsoever.

No. 16-cv-60844-GAYLES, 2016 U.S. Dist. LEXIS 107038, at *8 (S.D. Fla. Aug. 12, 2016) (internal citations omitted).

Additionally, in *Arafat v. Sch. Bd. of Broward Cty.*, the U.S. Court of Appeals for the Eleventh Circuit upheld the dismissal of the plaintiff's disparate treatment claim because the "allegations were too 'tenuous' and 'conclusory' to support her claims." 549 F. App'x 872, 874 (11th Cir. 2013). While the plaintiff had "generically referenced younger males," she failed to identify any valid comparators. *Id.*

Because Plaintiff fails to identify with specificity anyone outside his protected category who was allegedly treated more favorably, Plaintiff's discrimination claim should be dismissed. *See Jackson v. Bellsouth Telecomms., Inc.,* No. 00-7558-CIV-Middlebrooks, 2002 U.S. Dist. LEXIS 27440, at *26 n.5 (S.D. Fla. June 3, 2002) (finding that plaintiff's "conclusory allegations of racial . . . discrimination warrant no further comment other than to say that they are wholly insufficient to set forth a valid factual basis -- even at the motion to dismiss stage -- for a § 1981 claim.") (internal citation omitted).

In an attempt to establish a discrimination claim, Plaintiff proffers a handful of comments allegedly made by co-workers (the very same which he asserted in his initial Complaint). Even assuming the statements are truthful, none support a claim of discrimination because they do not concern the terms or conditions of Plaintiff's employment. *See* Am. Compl. ¶¶ 13, 14, 16, 18, and 22; *see also Bill v. City of N. Lauderdale*, No. 12-61342-CIV-MARRA/MATTHEWMAN, 2013 U.S. Dist. LEXIS 42464, at *10-12 (S.D. Fla. Mar. 25, 2013) (granting defendant's motion to

dismiss plaintiff's national origin discrimination/hostile work environment claim even though the alleged comments and actions directed towards plaintiff were "needlessly cruel, offensive and should not be tolerated by an employer in a work environment" because "the law does not protect [p]laintiff from this demeaning conduct").

Furthermore, these alleged statements are nothing but stray remarks. The law is clear that stray remarks, which are isolated and unrelated to any challenged employment decision, are insufficient to establish a claim of discrimination. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1268 (11th Cir. 2010) (finding that a remark made by plaintiff's co-worker that "Cubans are dumb" was insufficient to support a claim of discrimination as it was not made by the ultimate decision makers).

In the First Amended Complaint, Plaintiff references one isolated comment allegedly made by a manager, as well as this same manager's alleged denial of a request by Plaintiff for time away from work. Am. Compl. ¶¶ 19, 22. Plaintiff does not, however, allege that the denial of his request for time away from work was related to his national origin.[4] In fact, Plaintiff specifically alleges that his request for time off (the day after Christmas) was denied because the restaurant was busy. *Id.* ¶ 19.

Similarly, Plaintiff does not proffer any facts to support the statement allegedly made by the manager "Estefan" that Plaintiff was "dumb." *Id.* ¶ 22. Even if true, the comment has nothing to do with Plaintiff's national origin and had no impact on the terms or conditions of his

---

[4] Plaintiff includes in his First Amended Complaint comments that were allegedly made by an unnamed "supervisor's assistant's [*sic*]." Am. Compl. ¶ 14. Even if true, the purported comment was made by a non-management employee and had nothing to do with Plaintiff's national origin.

8

employment. Accordingly, Count I of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### III. <u>PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF THE FLSA</u>

In Count II of the First Amended Complaint, Plaintiff claims that he is attempting "to recover from the Defendant unpaid minimum wage **and/or** overtime." Am. Compl. ¶ 41 (emphasis added). At the point of filing a complaint, and particularly when filing an amended complaint, a plaintiff should know what he is attempting to recover. Where a complaint's lack of specificity invites speculation as to the complained-of conduct, it does not plausibly set forth a claim under the FLSA. *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013).

Notwithstanding, in order to establish a *prima facie* case of failure to pay unpaid compensation under the FLSA, Plaintiff must demonstrate: "(1) the defendant employed [him]; (2) the defendant is an enterprise engaged in interstate commerce covered by the FLSA or the plaintiff is otherwise covered by the FLSA; (3) the plaintiff actually worked in excess of a 40-hour work week; and (4) the defendant failed to pay her overtime wages as required by law." *St. Croix v. Genentech, Inc.*, No. 8:12-cv-891-T-33EAJ, 2012 U.S. Dist. LEXIS 86742, at *4 (M.D. Fla. June 22, 2012) (citing *Hines v. Detail Dynamics, Inc.*, No. 6:09-cv-1116, 2010 U.S. Dist. LEXIS 116123, at *2 (M.D. Fla. Oct. 5, 2010)).

"The plaintiff must show 'as a matter of just and reasonable inference the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA.'" *St. Croix*, 2012 U.S. Dist. LEXIS 86742, at *4 (citing *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 340 (11th Cir. 2011)).

In *St. Croix*, the court granted defendant's motion to dismiss, finding that the unsupported allegation that "[a]t all times material hereto, Plaintiff worked for Defendant in excess of forty (40)

9

Case No. 19-cv-22459-JLK

hours per work week" was insufficient to state a claim as it "provides no dates or date ranges during which she worked overtime or any other factual basis on which this Court can make a 'just and reasonable inference' as to the amount and extent of her work." 2012 U.S. Dist. LEXIS 86742 at *5; *see also Rance v. Rocksolid Granite USA, Inc.*, 292 F. App'x 1, 2 (11th Cir. 2008) (affirming dismissal of complaint for failure to provide evidence of the amount and extent of work); *Perez v. Muab, Inc.*, No. 10-62441-Civ-COHN/Seltzer, 2011 U.S. Dist. LEXIS 22275, at *1-2 (S.D. Fla. March 7, 2011) (dismissing a complaint after concluding that FLSA allegations were "devoid of facts.").

This Court has previously found that the failure to set forth facts which "set forth as a matter of just and reasonable inference the amount and extent of Plaintiff's work," warrants the granting of a motion to dismiss. *See, e.g., Rivera v. 2K Clevelander, LLC*, No. 16-21437-CIV-KING, 2017 U.S. Dist. LEXIS 50815, at *2-4 (S.D. Fla. Mar. 31, 2017) (**King, J.**) (granting defendant's motion to dismiss plaintiff's amended complaint because "Plaintiff's threadbare Complaint alleges only that she worked for Defendant during a certain time period, her role was that of a bartender, '[a]t various material times . . . , [she worked in excess of forty (40) hours within a work week[,]' and she was not 'properly compensate[d.]'"

Here, Plaintiff alleges no specific facts to support his amorphous claim of a violation of the FLSA.  Indeed, Plaintiff fails to assert any specific allegation as to what he was paid or the number of hours he allegedly worked each work week.  Plaintiff's bald claim that he worked an unspecified amount of during an unspecified time period is insufficient to state a claim.

In a last-ditched effort to salvage his FLSA claim, Plaintiff claims for the first time that he "spent more than twenty percent of his work time . . . performing side work and other tasks which did not generate tips," yet Defendant did not "pay Plaintiff at or above the full minimum wage for

these non-tipped hours worked." Am. Compl. ¶ 27. Plaintiff's reliance on this "20% rule" is misplaced.

In *Pellon v. Bus. Rep. Int'l, Inc.*, District Court Judge Moreno held, in part, that the 20% limitation does not apply to related duties because "nearly every person employed in a tipped occupation could claim a cause of action against his employer if the employer did not keep the employee under perpetual surveillance or require them to maintain precise time logs accounting for every minute of their shifts." 528 F. Supp. 2d 1306, 1314 (S.D. Fla. 2007). Furthermore, the U.S. Department of Labor in a recent opinion letter abandoned the 20% rule that Plaintiff is relying upon. *See* DOL Op. Ltr. 2018-27 ("We do not intend to place a limitation on the amount of duties related to a tip-producing occupation that may be performed, so long as they are performed contemporaneously with direct customer-service duties and all other requirements of the [FLSA] are met.").

Here, because Plaintiff fails to identify what his alleged side work involved, it is impossible for this Court or for Defendant to determine whether the side work was related to his duties as a busser. Accordingly, Count II of Plaintiff's First Amended Complaint should be dismissed with prejudice.

Next, Plaintiff claims that he was not paid his final paycheck. Again, even assuming the allegation is accurate, Plaintiff fails to identify how many hours he worked, what he is owed, how he was paid (meaning, via a check or direct deposit), or whether Defendant was permitted to deduct any amounts from his final paycheck.

Finally, because Plaintiff fails to meet the *Twombly*/*Iqbal* standard, he is not entitled to proceed to discovery. *See ABB, Inc. v. Workstations Express, LLC*, No. 1:11CV241, 2012 U.S. Dist. LEXIS 38147, at *5 (N.D. Ohio Mar. 21, 2012) ("Under Twombly and Iqbal, a plaintiff can

Case No. 19-cv-22459-JLK

unlock the doors of discovery if and only if it alleges facts that demonstrate a plausible right to relief.") (citation omitted).

Indeed, *Iqbal* was based on this very notion. It is improper to allow a plaintiff to proceed through to discovery absent a plausible showing that a violation existed. *Iqbal*, *supra*, at 686 ("We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery. . . Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court dismiss Counts I and II of Plaintiff's First Amended Complaint with prejudice. Defendant further requests all other relief that this Court deems just and proper.

Dated: July 22, 2019

Respectfully submitted,

s/ Jason D. Berkowitz
Jason D. Berkowitz, Esq.
Florida Bar No. 0055414
E-mail: *jason@btattorneys.com*
Anisley Tarragona, Esq.
Florida Bar No. 51626
Email: *anisley@btattorneys.com*
BT LAW GROUP, PLLC
3050 Biscayne Boulevard, Suite 205
Miami, Florida 33137
Telephone: (305) 507-8506
Facsimile: (305) 760-4722
Attorneys for MC Miami Enterprises, LLC d/b/a
Mr Chow of Miami

Case No. 19-cv-22459-JLK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of July 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the party identified on the below Service List in the manner specified.

s/ Anisley Tarragona<br>
Anisley Tarragona, Esq.

## SERVICE LIST

Anthony M. Georges-Pierre, Esq.
Email: *agp@rgpattorneys.com*
Max L. Horowitz, Esq.
Email: *mhorowitz@rgpattorneys.com*
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
Attorneys for Plaintiff
Method of Service: Service via CM/ECF