# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:19-cv-22459

RONY VASQUEZ,

      Plaintiff,

v.

MC MIAMI ENTERPRISES, LLC d/b/a
MR. CHOW RESTAURANT, and
MICHAEL CHOW, individually,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's First

Amended Complaint, filed July 22, 2019 (DE 7).[1]

## I. BACKGROUND

This case involves claims for employment discrimination under the Florida Civil Rights

Act (Count I) and alleged violations of the Fair Labor Standards Act ("FLSA") (Count II). *See*

Am. Compl., DE 5. Plaintiff alleges that during the five-month period in which he worked as a

busser at Mr. Chow Restaurant, Defendant "engaged in discrimination against Plaintiff because

of Plaintiff's national origin." *Id.* ¶ 31. Plaintiff is Guatemalan, and he claims he "would not

have been the object of discrimination but for the fact that [he] is Guatemalan." *Id.* ¶¶ 4, 32.

In support of his discrimination claim, Plaintiff points to various remarks made by

"assistants" and "employees" at the restaurant, such as "you eat too much" and "[y]ou're dumb."

*Id.* ¶¶ 13, 18. Plaintiff also points to one incident in which an "assistant" told him "you are

---

[1] The Court has also considered Plaintiff's Response in Opposition (DE 8) and Defendant's
Reply (DE 9).

illegal and you crossed the desert to get here," and claims that unspecified "employees" would say "Donald Trump doesn't want you here." *Id.* ¶¶ 16, 18.  Plaintiff also claims he was not allowed to use the bathroom during certain work hours; had to clean up sewer water one day after the water inlets broke and flooded the restaurant; and was not allowed to go home after his nephew died on December 26, 2017, because the restaurant was too busy.  *See id.* ¶¶ 11, 17, 19.

As to his FLSA claim, Plaintiff alleges that he "spent more than twenty percent of his work time . . . performing side work and other tasks which did not generate tips," and claims Defendants failed to pay him minimum wage for these non-tipped hours.  *Id.* ¶ 27.  Plaintiff also claims that he did not receive his final paycheck after he was terminated, and therefore "was not compensated at or above the applicable minimum wages for these hours worked." *Id.* ¶ 28.

Defendant now moves to dismiss the Amended Complaint for failure to state a claim. *See* Mot. Dismiss, DE 7.  As to Plaintiff's discrimination claim, Defendant argues that Plaintiff "does not provide a single factual allegation to raise a plausible claim that any act was committed against him because of his national origin." *Id.* at 2.  Defendant also argues that the Amended Complaint lacks factual allegations showing that "even one similarly situated person outside Plaintiff's protected category [] was treated more favorably." *Id.*

Defendant also seeks dismissal of the FLSA claim, arguing that the claim is based on the "20% rule" requiring minimum wage compensation for certain untipped side work, which Defendant says has been rejected by some courts and, more recently, the U.S. Department of Labor ("DOL"). *Id.* at 3.  Beyond that, Defendant argues that Plaintiff fails to allege the facts necessary to support an FLSA claim, including the number of hours worked and the amount Plaintiff was earning during that period. *See id.*

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

### A.   Plaintiff Fails to State a Discrimination Claim (Count I)

The Florida Civil Rights Act makes it unlawful for any employer to "discharge . . . or otherwise to discriminate" against an employee on the basis of national origin. *See* Fla. Stat. § 760.10(1)(a). At the pleading stage, the plaintiff must "provide enough factual matter to plausibly suggest intentional discrimination." *Evans v. Ga. Regional Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017).[2] Also, the plaintiff must show that: "(1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class." *Arafat v. School Bd. of Broward Cty.*, 549 F. App'x 872, 874 (11th Cir. 2013).

Here, Plaintiff fails to state a plausible discrimination claim because he alleges no facts showing that he suffered an adverse employment action because of his national origin. Although Plaintiff points to various remarks made by "assistants" and unspecified "employees," he alleges no facts that would suggest these individuals were the ultimate decision makers at the restaurant. *See Alvarez*, 610 F.3d at 1268. Nor does he allege facts showing that the remarks themselves are

---

[2] Because the Florida Civil Rights Act is modeled after Title VII of the Civil Rights Act of 1964, federal decisions construing Title VII likewise apply here. *See Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010).

related to any challenged employment decision (*e.g.*, Plaintiff's termination). *See Rojas v. Florida*, 285 F.3d 1339, 1342–43 (11th Cir. 2002) (remarks that are "isolated and unrelated to the challenged employment decision" do not establish discrimination). And while the remarks may be offensive and inappropriate, that does not mean they amount to intentional discrimination in violation of the Florida Civil Rights Act. *See Alvarez*, 610 F.3d at 1268 (remark that "Cubans are dumb" was insufficient to establish discrimination); *Bill v. City of North Lauderdale*, No. 12-61342, 2013 WL 1289165, at *3 (S.D. Fla. Mar. 26, 2013) ("Title VII is not a general civility code . . . . While the alleged actions taken against Plaintiff relative to his weight, if true, are needlessly cruel, offensive and should not be tolerated by an employer in a work environment, the law does not protect Plaintiff from this demeaning conduct.").[3]

Also, Plaintiff alleges no facts showing that he was treated worse than similarly-situated non-Guatemalan employees. Plaintiff's sole allegation on this element is a bare legal conclusion. *See* Am. Compl. ¶ 24 ("Other similarly situated, non-Guatemalan employees were not subject to the same derogatory treatment."). Moreover, other allegations in Plaintiff's pleading suggest the opposite: that similarly-situated employees were generally treated the same. For instance, while Plaintiff complains that he was not allowed to use the bathroom during certain hours, he admits that his supervisor "would not let *anyone* use the bathroom" during these hours. *Id.* ¶ 11 (emphasis added).[4] Because Plaintiff fails to plausibly allege intentional discrimination, his claim under the Florida Civil Rights Act must be dismissed.

---

[3] To be sure, Plaintiff's other allegations also fail to demonstrate discrimination. According to his own pleading, Plaintiff had to clean sewer water at the restaurant "because no other employee wanted to do it," not because of national-origin discrimination. Am. Compl. ¶ 17. And he had to work the day after Christmas because the restaurant was too busy, not because of national-origin discrimination. *Id.* ¶ 18.

[4] Plaintiff argues that the co-workers mentioned in the Amended Complaint "were treated better in that they were able to treat Plaintiff in such a manner without repercussions." *See* Resp. at 4,

**B.**      **Plaintiff Adequately Pleads an FLSA Minimum Wage Claim (Count II)**

Under the FLSA, all employers must pay their employees a minimum wage. *See* 29

U.S.C. § 206(a).  As the Eleventh Circuit has explained, "the requirements to state a claim [under

the FLSA] are quite straightforward." *Sec'y of Labor v. Labbe*, 219 F. App'x 761, 763 (11th Cir.

2008).  To survive dismissal, "a plaintiff must demonstrate that (1) he is employed by the

defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay

him minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire and Rescue Dept.,*

*Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012).  With respect to minimum wages, if an employee is

a "tipped employee," the employer is permitted to pay a reduced minimum wage so long as

employer makes up the difference with the employee's tips. *See* 29 U.S.C. § 206(m).  This is

commonly referred to as a "tip credit."

Here, Defendant argues that Plaintiff's use of "and/or" in the Amended Complaint makes

it unclear whether Plaintiff is seeking unpaid minimum wages or overtime compensation.  But

the Amended Complaint as a whole plainly shows that Plaintiff is seeking minimum wages. *See*

Am. Compl. ¶¶ 26–28.  And while Defendant takes issue with Plaintiff's failure to delineate,

among other things, the exact number of hours Plaintiff worked and the exact amount Plaintiff

was earning, the FLSA does not require such detail at the pleading stage. *Labbe*, 319 F. App'x at

764 ("While these allegations are not overly detailed, we find that a claim for relief for failure to

pay minimum wage . . . does not require more.").

---

DE 8. The Court does not agree. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir.
2010) ("The facts that [the plaintiff] is Caucasian and that the co-workers who were threatening
and shunning him were Hispanic or Latino, by themselves, do not state a plausible claim of race
discrimination.").

Finally, the Court disagrees with Defendant's argument regarding the 20% rule. This rule bars employers from using a tip credit for employees who spend a "substantial amount of time" (defined as "in excess of 20 percent of the hours worked in the tipped occupation") on related but untipped duties. *See generally Marsh v. J. Alexander's LLC*, 905 F.3d 610, 626 (9th Cir. 2018) (quoting 29 C.F.R. § 531.56(e) and DOL Field Operations Handbook § 30d00(f)).[5] Here, Plaintiff adequately alleges that he performed substantial untipped side work, which, taken as true, would not be subject to the FLSA "tip credit" and may entitle Plaintiff to unpaid minimum wage compensation. Factual issues regarding the precise amount and nature of the alleged side work are more appropriately resolved at the summary judgment stage. *See Schamis v. Josef's Table, LLC*, No. 12-80638, 2014 WL 1463494, at *4 (S.D. Fla. Apr. 15, 2014) ("[T]he Court rejects [the] argument that Plaintiff's allegation that his nontipped duties exceeded 20% of his time is insufficient to state a cause of action. . . . [A]t the motion to dismiss stage, the Court cannot make this determination as it requires the benefit of a factual record.").

---

[5] Although Defendant claims this rule has been rejected, the legal authority Defendant relies upon does not support that conclusion. Defendant cites *Pellon v. Business Representation International, Inc.*, 528 F. Supp. 2d 1306 (S.D. Fla. 2007), but that case involved a group of airport workers who "admitted that dividing their workday among the various tasks they perform is impractical or impossible." *Id.* at 1314–15. *Pellon* was also decided at the summary judgment stage, making the case inapposite from a procedural standpoint. Defendant also claims the 20% rule was "abandoned" in a recent DOL opinion letter, but that letter merely provides guidance on which duties are "related" to a tipped occupation. *See* DOL Opinion Letter 2018-27. Nothing in the letter purports to abandon the 20% rule.

## IV.  CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1.  Defendant's Motion to Dismiss **(DE 7)** be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**;

2.  The Motion is **GRANTED** as to Plaintiff's discrimination claim (Count I) and such count is hereby **DISMISSED** for failure to state a claim;

3.  The Motion is **DENIED** as to Plaintiff's FLSA claim (Count II) and Defendant shall file its Answer with respect to Count II of Plaintiff's First Amended Complaint within **fourteen (14) days** from the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 12th day of September, 2019.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:    **All counsel of record**